# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| MICAH DOZIER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NANCY A. BERRYHILL, *Acting* )<br>*Commissioner of Social Security*, )<br>)<br>Defendant. )<br>_____ ) | No. 5:15-cv-731-DCN<br><br>ORDER |

This matter is before the court on United States Magistrate Judge Kaymani D. West's Report and Recommendation ("R&R") that this court affirm Acting Commissioner of Social Security Nancy A. Berryhill's (the "Commissioner") decision denying plaintiff Micah Dozier's ("Dozier") application for disability insurance benefits ("DIB"). For the reasons set forth below, the court rejects the R&R, and reverses and remands the Commissioner's decision.

## I.  BACKGROUND

### A.  Procedural History

Dozier filed an application for DIB on February 28, 2012, alleging disability beginning August 8, 2011 (the "alleged onset date"). Tr. 114–17. The Social Security Administration denied Dozier's claims initially and on reconsideration. Tr. 10. Dozier requested a hearing before an administrative law judge ("ALJ"), and ALJ Robert C. Allen held a hearing on September 16, 2013. Tr. 26–46. The ALJ issued a decision on November 8, 2013, finding that Dozier was not disabled under the Social Security Act (the "Act"). Tr. 7–19. Dozier requested Appeals Council review of the

1

ALJ's decision. The Appeals Council declined Dozier's request, Tr. 1–6, rendering the ALJ's decision the final action of the Commissioner.

On February 20, 2015, Dozier filed this action seeking judicial review of the ALJ's decision. The magistrate judge issued the R&R on September 26, 2016, recommending that this court affirm the ALJ's decision. Dozier filed objections to the R&R on October 14, 2016, and the Commissioner responded to Dozier's objections on October 20, 2016. The matter is now ripe for the court's review.

### B.     Medical History

Because Dozier's medical history is not directly at issue here, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts. Dozier was born on August 18, 1965 and was 43 years old on the alleged onset date. Tr. 40. He communicates in English and has at least a high school education. Tr. 40-41

### C.     ALJ's Decision

The ALJ employed the statutorily required five-step sequential evaluation process to determine whether Dozier had been under a disability since the alleged onset date. The ALJ first determined that Dozier had not engaged in substantial gainful activity during the relevant period. Tr. 12. At step two, the ALJ found that Dozier suffered from the following severe impairments: degenerative disc disease and chronic pain sydrome. Id. At step three, the ALJ determined that Dozier's impairments did not meet or equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"). Tr. 12–13. Before reaching the fourth step, the ALJ determined that Dozier had the residual functional capacity ("RFC") to

perform: "light work as defined in 20 C.F.R. 404.1567(b)" except for lifting and carrying over 20 pounds occasionally and 10 pounds frequently, and that Dozier could not climb ladders, ropes or scaffolds, and could do no more than occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, or crawling. Tr. 13.  At step four, the ALJ found that Dozier was unable to perform his past relevant work, but based on his age, education, work experience, and RFC, Dozier could perform certain jobs that existed in significant numbers in the national economy.  Tr. 17.  Therefore, the ALJ concluded that Dozier had not been under a disability within the meaning of the Act since the alleged onset date.

## II.  STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made.  28 U.S.C. § 636(b)(1).  A party's failure to object is accepted as agreement with the conclusions of the magistrate judge.  See Thomas v. Arn, 474 U.S. 140, 149–50 (1985).  The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court.  Mathews v. Weber, 423 U.S. 261, 270–71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied."  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Id. (internal citations omitted).  "[I]t is not within the province of a reviewing court to

determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id.  Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted).  However, "[a] factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

### III.  DISCUSSION

Dozier makes three specific objections to the R&R: (1) the ALJ improperly failed to consider Dozier's amended onset date, causing the ALJ to apply the incorrect grid rules for Dozier's age and maximum residual functional capacity; (2) the ALJ improperly found that Dozier had not proven disability despite satisfying Grid Rule 201.14; (3) the ALJ improperly held that Dozier's impairments did not meet the standards for total disability.[1]  The court addresses each in turn.

#### A.     ALJ failed to consider Dozier's amended onset date

Dozier argues that the ALJ failed to consider the amended onset date, which Dozier alleges was recognized at the September 16, 2013 hearing.  ECF No. 21 at 1. Dozier claims that during the hearing he changed his onset date from August 8, 2011

---

[1] Dozier's objections are a recitation of the issues presented in his briefing on the summary judgment motion before Judge West.  Indeed, the objections have the same headings as the brief that Dozier filed before Judge West.  Thus, the court looks to that more substantial briefing for reference.  See 42 U.S.C. § 405(g) (Giving the reviewing district court the authority to look at the pleadings and any evidence in the administrative record when evaluating whether the Commissioner's decision is supported by substantial evidence.)

4

to June 22, 2013, changing his age category to "closely approaching advanced age." Id. at 2–3.  Dozier contends that the ALJ's decision to use an onset date of August 8, 2011 led the ALJ to apply the incorrect grid rules for Dozier's age and maximum RFC.  Id. at 1.

Dozier references no specific part of the transcript in support of his assertion that he amended his onset date during the hearing.  A thorough review of the hearing transcript revealed no mention of an amended onset date to June 22, 2013.  Instead, when asked by the ALJ if "we do have an alleged onset date in this particular case of [August 8, 2011]" when inquiring about Dozier's work status, Dozier not only made no effort to amend the onset date to June 22, 2013, he replied "I have not [worked since the onset date,]" intimating that he agreed with the onset date of August 8, 2013.  Tr. 28.  Since the court could find nothing in the record to support Dozier's assertion that he amended his onset date, the court finds that this objection is without merit.

### B.    ALJ failed to find that Dozier was disabled under Grid Rule 201.14

Next, Dozier argues that the ALJ erred in finding that he had not proven disability even though he satisfied Grid Rule 201.14.  ECF No. 21 at 1.  The Commissioner contends that Grid Rule 201.14 is inapplicable here because Dozier was assessed with an RFC for light work, as opposed to the RFC for sedentary work that Grid Rule 201.14 assumes.  ECF No. 23 at 2.  The court agrees with the Commissioner.

The "grid regulations" are Medical-Vocational Guidelines located in Appendix 2 to 20 C.F.R. Part 404, subpart P.  Grant v. Schweiker, 699 F.2d 189, 191

(4th Cir. 1983). Based on the record evidence, including the opinion evidence of Dozier's treating physicians Dr. David Fulton ("Dr. Fulton") and Dr. Ezra Riber ("Dr. Riber"), the ALJ determined that Dozier had the RFC to perform light work with some limitations, including that he could not climb ladders, ropes, or scaffolds.[2]  Tr. 13–17.

Grid Rule 201.14 states that an individual in the 50–54 category who (1) has no more than a high school education, (2) is precluded from his past relevant work, and (3) is <u>now capable of no more than sedentary exertional work</u> must be found to be disabled.  Pickett v. Astrue, 895 F. Supp. 2d 720, 731 (E.D. Va. 2012) (emphasis added).  The ALJ did discuss the fact that at the time of his alleged onset date Dozier was 48 years old, a "younger person" under the Regulations, and that during the pendency of his alleged period of disability Dozier changed age categories to "closely approaching advanced age."  Tr. 17.  However, at no point in his decision did the ALJ make the finding that this age category change led to a determination of Dozier's RFC as sedentary.  Since the ALJ determined that Dozier had the RFC for light work, this grid rule is inapplicable.  Therefore, this objection fails.

### C.     ALJ failed to find that Dozier was disabled, in contravention of substantial evidence

Dozier's final contention is that the ALJ failed to consider his severe and non-severe impairments, and if the ALJ had done so, he would have found that Dozier is disabled.  ECF No. 21 at 1.  The court finds that the ALJ's decision is in

---

[2] Dozier does not specifically object to the methodology the ALJ used to reach his RFC determination, or that his RFC should have been sedentary instead of light. Instead, Dozier objects solely on the basis that the ALJ erred by not reviewing Dozier's claim under Grid Rule 201.14.

contravention of substantial evidence, and remands to the ALJ with instructions to explicitly indicate the weight that he gives to relevant evidence.

A review of the record demonstrates that the ALJ extensively explained his reasoning in considering the impact of Dozier's impairments on his disability status. Specifically, the ALJ noted that there was no "documented evidence contained in the treatment records" of treating or examining physicians that Dozier ever reported complaints of medication side effects such as drowsiness, dizziness, sleepiness, and nausea. Tr. 16. The ALJ also discusses the opinion of Dr. Smith at Lexington Family Practice, who noted on August 23, 2011 that Dozier could return to work at light duty but if there was no light duty available, Dozier "needed to be out of work for a month." Tr. 14. In the subsequent period, from April 22, 2013 to July 17, 2013, Dozier reported that he was doing "doing well" with his current medications. Tr. 15.

However, where the ALJ's analysis fails is that he does not explicitly indicate the weight that he gives to relevant evidence. The court cannot determine if findings are unsupported by substantial evidence unless the ALJ explicitly indicates the weight given to all of the relevant evidence. See, e.g., Myers v. Califano, 611 F.2d 980, 983 (4th Cir. 1980); Stawls v. Califano, 596 F.2d 1209, 1213 (4th Cir.1979); Arnold v. Secretary, 567 F.2d 258, 259 (4th Cir. 1977). The Fourth Circuit stated in Arnold that:

> The courts . . . face a difficult task in applying the substantial evidence test when the Secretary has not considered all relevant evidence. Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's "duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."

567 F.2d at 259.

      The ALJ does state that he has given "great weight" to the opinions of State Agency medical consultants, although he does not explain in his decision which State Agency medical consultants gave opinions and what those opinions were. Tr. 17. Moreover, the ALJ does not specify how much weight he gives to the opinions of Dozier's treating physicians. For example, the ALJ notes that no current treating physician suggested specific functional limitations for Dozier except for treating physicians "<u>prior to</u> his alleged onset date." Tr. 16 (emphasis added). In the decision, the ALJ extensively discussed the series of doctor visits that Dozier took to Dr. Fulton in the aftermath of his December 2004 car accident. Tr. 13. From March 22 to July 19, 2005, the period during which Dr. Fulton treated Dozier at the Moor Orthopedic Clinic, Dr. Fulton indicated that Dozier reported "improved symptoms" after the epidural injection and "denied weakness" when walking. Tr. 13. By May 3, 2005, Dozier reported "significant improvement in high pain that was minimal and infrequent in nature." Tr. 13. Dr. Fulton does, however, note that Dozier was to "remain on modified duty," including limitations of pushing/pulling no more than 40 pounds, lifting/carrying no more than 20 pounds, and no work on heights or repetitive bending. Tr. 13. Dr. Fulton's examinations and reports all predate Dozier's August 8, 2011 alleged onset date, so the ALJ could afford his opinion lesser weight even though he was Dozier's treating physician. <u>Carmickle v. Comm'r, Soc. Sec. Admin.</u>, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Because "[m]edical opinions that predate the alleged onset of disability are of limited relevance," the ALJ did not err in according less weight to the opinions of [the petitioner's treating physician]."). But at no point

8

in the decision does the ALJ specify how much weight he gave to Dr. Fulton's testimony. Therefore, the court cannot be sure that he did, indeed, afford it lesser weight.

The Social Security Rulings require ALJs to provide a narrative discussion "describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96–8p, 1996 WL 374184, at *7 (July 2, 1996); see also Brown ex rel. McCurdy v. Apfel, 11 F. App'x 58, 59 (4th Cir. 2001) (stating that ALJs are required to "include an explanation of what evidence, or inferences drawn therefrom, were relied on in arriving at a decision"). Here, the ALJ did not adequately explain how he weighed the opinions of the treating and non-treating sources. This lack of narrative explanation renders the court unable to determine whether the ALJ's decision was supported by substantial evidence. In general, "if a reviewing court cannot discern 'what the ALJ did and why he did it,' the duty of explanation is not satisfied." Davis v. Astrue, 2010 WL 5237850, at *3 (D. Md. Dec. 16, 2010) (quoting Piney Mountain Coal Co. v. Mays, 176 F.3d 753, 762 n. 10 (4th Cir. 1999)). Accordingly, the court remands this case to the ALJ with directions to reconsider the case and explicitly indicate the weight accorded to the various medical reports and treating physician opinions in the record.[3]

---

[3] The court emphasizes that the ALJ may very well determine upon reconsideration that Dozier is not disabled under the Act. However, in doing so the ALJ must explain more fully how much weight he gives to each piece of relevant evidence. It is only then that the court may determine if his decision is supported by substantial evidence.

## IV.  CONCLUSION

Based on the foregoing, the court **REJECTS** the magistrate judge's R&R, **REVERSES** the Commissioner's decision, and **REMANDS** the case for further administrative proceedings.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 30, 2017**
**Charleston, South Carolina**